UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: : | |
|     ERICK PRINGLE, : | |
| : | No. 21-cv-5037 |
| : | |
| : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                            **January 13, 2022**
**United States District Judge**

       Plaintiff Erick Pringle, a prisoner currently incarcerated at the Curran-Fromhold Correctional Facility ("CFCF"), initiated this civil action by filing a submission that was docketed as a Complaint. (ECF No. 1.) Because he failed to sign the Complaint and either pay the fees or seek leave to proceed *in forma pauperis*, the Court issued an Order directing him to cure those defects. (ECF No. 3.) Pringle returned with a Declaration that cures the defect in his Complaint and also filed a Motion for Leave to Proceed *In Forma Pauperis.* (ECF Nos. 4 & 5.) For the following reasons, the Court will grant Pringle leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.    FACTUAL ALLEGATIONS**

       The forty-eight page submission filed as Pringle's Complaint in this case is lengthy and difficult to understand. (ECF No. 1.) It bears a caption "State of Pennsylvania v. Pringle," lists a docket number for a criminal matter pending against Pringle in Philadelphia Municipal Court,[1] and does not identify any Defendants whom Pringle seeks to sue as required by Federal Rule of

---

[1] In that case, Pringle has been charged with attempted burglary and related crimes. *See Commonwealth v. Pringle*, MC-51-CR-0007557-2020 (Phila. M.C.).

Civil Procedure 10(a). Pringle asks "to have FBI, CIA, HOMELAND Security and DEA weigh in on the current JUDICIAL SYSTEM OF PENNSYLVANIA (PENNS WOODS) based on this matter." (ECF No. 1 at 1.)[2] He alleges "infiltration" of the FBI and CIA "for personal agendas" as well as "treason." (*Id.*)

The Complaint then describes a series of seemingly unconnected events that took place in several states and Pringle's musings about assorted topics. These events involved family members, police, doctors, suspected FBI agents, current and former high-level government officials, celebrities, and others. Pringle's allegations touch on a range of topics including medication, legal matters (including criminal cases filed against him in several jurisdictions and his pending criminal case in Philadelphia Municipal Court), encounters with police officers, conditions at various facilities where he was incarcerated (including CFCF where he is currently incarcerated), and his thoughts about past and current societies and events. It is unclear what relief Pringle seeks from the Court beyond the input of federal agencies on Pennsylvania's criminal justice system.

## II.  STANDARD OF REVIEW

The Court will grant Pringle leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[3] Accordingly, Pringle's

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Pringle's Motion reports a current balance of $8.27 in his prisoner account statement at CFCF. (ECF No. 4 at 3.) Pringle attached to his Motion documentation reflecting that he attempted to obtain a certified copy of his account statement, but his requests went unanswered. (*Id.* at 3 (indicating that Pringle submitted a request on December 7); *id.* at 7 (indicating that paperwork requesting account statement was submitted to social worker at CFCF on December 3).) Under the circumstances, the Court will treat Pringle's submission as substantial compliance with its November 22, 2021 Order and the relevant statutes and, in the exercise of discretion, will grant Pringle's Motion. As an incarcerated individual, Pringle will be required to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Pringle is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement,

the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted).  A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94.  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.  The standard of Rule 8 "operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs.  *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted).  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III.     DISCUSSION

Pringle's Complaint fails to comply with Rule 8 and Rule 10, and also fails to state a plausible claim for relief.  Having reviewed Pringle's submission in its entirety, the Court cannot discern who Pringle seeks to sue, what the factual or legal bases for his claims are, or what relief

he seeks from the Court beyond input from federal agencies on Pennsylvania's criminal justice system.[4] Pringle's submission provides his description of and thoughts on such a wide range of topics, events, and people that the true substance of his Complaint, if any, is well-disguised and indiscernible. Additionally, several of his allegations relate to his thoughts on past or current events and matters related to his family or his lineage, none of which appear to suggest any legitimate basis for a legal claim in federal court. For these reasons, the Court concludes that Pringle's Complaint fails to comply with Rule 8 and Rule 10, and fails to state a claim in its current form.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Pringle leave to proceed *in forma pauperis* and dismiss his Complaint. In light of Pringle's *pro se* status, the Court will give Pringle an opportunity to file an amended complaint identifying the Defendants he seeks to sue and explaining "the 'who, what, where, when and why' of [his] claim[s]." *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint must also state the basis for the Court's jurisdiction and the relief Pringle seeks from the Court. An appropriate Order follows, which provides further instruction as to amendment.

                                   **BY THE COURT:**

                                   */s/ Joseph F. Leeson, Jr.*
                                   **JOSEPH F. LEESON, JR.**
                                   **United States District Judge**

---

[4] The Court is not aware of any context in which it would be permissible to direct this relief.