IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE: : | |
|     ERICK PRINGLE : | |
| : | CIVIL ACTION NO. 21-CV-5037 |
| : | |
| : | |

# MEMORANDUM

**PADOVA, J.**                                                                                          **MAY 4, 2022**

Currently before the Court is an Amended Complaint filed by Plaintiff Erick Pringle, a prisoner currently incarcerated at the Bucks County Correctional Facility. (ECF No. 13.) For the following reasons, the Court will dismiss Pringle's Amended Complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Pringle initiated this civil action while he was incarcerated at the Curran-Fromhold Correctional Facility. His forty-eight-page Complaint bore a caption "State of Pennsylvania v. Pringle," listed a docket number for a criminal matter pending against Pringle in Philadelphia Municipal Court,[1] and did not identify any Defendants whom Pringle sought to sue as required by Federal Rule of Civil Procedure 10(a). Pringle asked "to have FBI, CIA, HOMELAND Security and DEA weigh in on the current JUDICIAL SYSTEM OF PENNSYLVANIA (PENNS WOODS) based on this matter." (Compl. at 1.)[2] He alleged "infiltration" of the FBI and CIA "for personal agendas" as well as "treason." (*Id.*)

---

[1] In that case, Pringle was charged with attempted burglary and related crimes. *Commonwealth v. Pringle*, MC-51-CR-0007557-2020 (Phila. M.C.). The case was transferred to the Philadelphia Court of Common Pleas, where the charges remain pending. *Commonwealth v. Pringle*, CP-51-CR-0001085-2022 (Phila. C.P.).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

The Complaint then described a series of seemingly unconnected events that took place in several states and Pringle's musings about assorted topics. These events involved family members, police, doctors, suspected FBI agents, current and former high-level government officials, celebrities, and others. Pringle's allegations touched on a range of topics including medication, legal matters (including criminal cases filed against him in several jurisdictions and his criminal case in Philadelphia), encounters with police officers, conditions at various facilities where he was incarcerated, and his thoughts about past and current societies and events.

In a January 13, 2022 Memorandum and Order, Judge Leeson, who was initially assigned to this case, granted Pringle leave to proceed *in forma pauperis* and dismissed his Complaint stating:

> Pringle's Complaint fails to comply with Rule 8 and Rule 10, and also fails to state a plausible claim for relief. Having reviewed Pringle's submission in its entirety, the Court cannot discern who Pringle seeks to sue, what the factual or legal bases for his claims are, or what relief he seeks from the Court beyond input from federal agencies on Pennsylvania's criminal justice system[, which the Court noted in a footnote was not available relief]. Pringle's submission provides his description of and thoughts on such a wide range of topics, events, and people that the true substance of his Complaint, if any, is well-disguised and indiscernible. Additionally, several of his allegations relate to his thoughts on past or current events and matters related to his family or his lineage, none of which appear to suggest any legitimate basis for a legal claim in federal court. For these reasons, the Court concludes that Pringle's Complaint fails to comply with Rule 8 and Rule 10, and fails to state a claim in its current form.

*In re Pringle*, No. 21-5037, 2022 WL 125911, at *2 (E.D. Pa. Jan. 13, 2022) (footnote omitted). The dismissal was without prejudice to Pringle filing "an amended complaint identifying the Defendants he seeks to sue and explaining 'the "who, what, where, when and why" of his claim[s].'" *Id.* (quoting *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019)) (alterations omitted). Judge Leeson's Order instructed Pringle to identify all the defendants he sought to sue, state the basis for Pringle's claims against

each defendant, state the basis for the Court's jurisdiction, and state the relief sought.  (ECF No. 7 at 2.)

Pringle sought, and was granted, two extensions of time to file an amended complaint. (ECF Nos. 9 & 12.)  He thereafter filed his Amended Complaint.[3]  The Amended Complaint names the following Defendants:  (1) United States of America; (2) Federal Bureau of Investigations; (3) President Joe Biden; (4) Vice President Kamala Harris; (5) Governor Tom Wolf; (6) Former President Barrack Obama; (7) "Democrat ('Enterprise') Party"; (8) Bill DiBlasio; (9) Bill DiBlasio's wife; (10) Judge Leeson; (11) NBC 10 – Philadelphia; (12) the Commonwealth of Pennsylvania; (13) "Montgomery County Court"; (14) Lower Merion Police Department; (15) Philadelphia Police Department; (16) Philadelphia Sheriffs Department; (17) Philadelphia Prison System; (18) Judge Simmons; (19) Psychologist; (20) Philadelphia District Attorney's Office; (21) City of Philadelphia; (22) Parx Casino; (23) Bucks County; (24) Michael Nutter; (25) Registry of Wills; (26) "Donatucci (Registry of Wills Philadelphia)"; (27) Bucks County Correctional Facility; (28) Mental Health Association of Philadelphia; (29) Bellevue Hospital, New York; (30) Bucks County Court House; (31) N.Y.P.D.; (32) Universal Health Care System; (33) Former Governor Cuomo; (34) Eric Adams; (35) Former President Bill Clinton; (36) the CIA; (37) Amazon; and (38) Elon Musk.  (Am. Compl. at 6.)  Because Pringle included Judge Leeson in the list of Defendants, the case was reassigned from Judge Leeson to

---

[3] Pringle opted not to use the form complaint sent to him to prepare his pleading.  He suggests, in a cover letter, that he would have preferred a "continuance" because "Buck[s] County Correction[al] Facility is holding medical records adding onto conspiracy from 2011."  (Am. Compl. at 1.)  To the extent these statements can be understood to request another extension, such request is denied.

3

the undersigned, (ECF No. 14), and is now before the Court for screening of the Amended Complaint.

As with the initial Complaint, the allegations of the Amended Complaint are disjointed and span various topics including Pringle's arrests and incarceration in various counties in Pennsylvania and New York and his feelings on politics and current events. He also references celebrities and family members. As best as the Court can discern, Pringle intends to raise claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") based on a vast conspiracy against him. (Am. Compl. at 7.) The gist of the conspiracy, though unclear, appears to be that the Defendants have, at times, monitored him or his speech and conspired to incarcerate him or harm him. He alleges, among other things, that President Biden has hidden information while "pushing a false narrative for creativity, opinion and recognition of faults" and using "digital surveillance for the use of News, entertainment, and policy." (*Id.* at 8 (with correction).) At one point, Pringle asserts that Pennsylvania's criminal justice system has been established to "blackball" him "for verbal disruption and possible accurate depiction of Governor and counterparts establishing a well organized drug organization in a very conspired effort throughout the democratic party." (*Id.* at 10.) He also alleges that certain Defendants, including former Mayor of New York Bill DiBlasio and his wife, and Judge Leeson, are trying to have him killed. (*Id.* at 16.) At one point, Pringle discusses how certain messages were "filtered through the FBI" to surveil him. (*Id.* at 28.)

Pringle attached to his Amended Complaint requests he submitted during his incarceration seeking unspecified medical records and social security forms. (*Id.* at 18, 20-23.) It appears Pringle believes he required these forms to assist him with the preparation of his Amended Complaint in this case, but the relevance of any such documents to his claims is

unclear.[4] Pringle appears to be requesting $50 billion "for security with satellite" and notes that "now witness Elon Musk flood the skies with satellites all of a sudden and Amazon too."[5] (*Id.* at 1; *see also id.* at 30.) He also seeks injunctive relief. (*Id.* at 33.)

## II.   STANDARD OF REVIEW

Since Pringle is proceeding *in forma pauperis*, his Amended Complaint is subject to statutory screening under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Amended Complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts

---

[4] It also appears Pringle seeks discovery in connection with criminal charges or probation violations with which he is charged in Philadelphia.  It is unclear whether the requests for forms relate to that discovery.  In any event, requests for relief pertaining to matters in state court must be made to the appropriate court, meaning that Pringle should direct any requests for discovery in his criminal case to the state court for consideration by that court.

[5] At times the Amended Complaint also suggests that Pringle never intended to file a lawsuit and takes issue with Judge Leeson's prior Memorandum in this case. (Am. Compl. at 31.)  However, at no point did he move to withdraw his case; rather, he continued to pursue it.

alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Pringle is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III.    **DISCUSSION**

As best as the Court can discern, Pringle is alleging a conspiracy against him spanning more than a decade, which numerous private entities, local government officials, state government officials, and federal government officials have joined.  The purpose of this conspiracy is unclear from Pringle's allegations, but, as noted above, appears to concern efforts to monitor him or his speech, harm him, or retaliate against him.  Pringle appears to allege that members of the conspiracy are seeking to have him killed and suggests that newsworthy items and the prior Memorandum in this case are connected to the conspiracy.   He also suggests that his criminal cases are connected to and possibly the result of this conspiracy.  Viewing the allegations as a whole, the Court concludes that Pringle's allegations rise to the level of factually and legally baseless.  *See, e.g.*, *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to §

1915(e)(2)(B)(i)); *Barnes-Velez v. Fed. Commc'n Comm'n*, No. 18-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018), *report and recommendation adopted*, 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018) (dismissing *pro se* plaintiff's complaint as frivolous under § 1915(e)(2)(B)(i) and concluding that the complaint made "fanciful, fantastic, and delusional" allegations against the FCC, the FBI, and the NSA asserting that defendants wiretapped plaintiff's home, including her cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed the information obtained from these efforts to third parties); *Khalil v. United States*, Civ. A. No. 17-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (finding plaintiff's allegations "wholly incredible" when he alleged "a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors"); *cf. Campbell v. Brender*, No. 10-325, 2010 WL 4363396, at *2, 4-5 (N.D. Tex. Oct. 25, 2010) (invoking the court's inherent authority and finding *pro se* plaintiff's claims against two technology companies, federal judges, the Clerk of Court, several lawyers, and a law firm were "precisely the sort of fanciful, delusional claims that merit dismissal" where plaintiff alleged that the companies "conspired with the other defendants to hack into her home computer and certain public library computers" and that the defendants more broadly "conspired to defeat her [prior] employment suit by falsifying court records, burglarizing her home to steal files, hacking into multiple computers, committing mail fraud, obstructing justice, and engaging in racketeering."). Nor has Pringle alleged any basis for a plausible conspiracy claim against any of the Defendants. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) ("[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred.").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint. The Court concludes that further attempts at amendment would be futile, so the dismissal will be with prejudice. An appropriate Order follows, which dismisses this case.

BY THE COURT:

/s/ John R. Padova, J.
_____
**JOHN R. PADOVA, J.**